■ In the Matter of BRIAN J. M., a Person Alleged to be in Need of Supervision, Appellant. MONROE COUNTY ATTORNEY, Respondent. [643 NYS2d 269] —Order unanimously reversed on the law without costs, petition reinstated and matter remitted to Monroe County Family Court for further proceedings on petition. Memorandum: On January 25, 1995, respondent's stepmother filed a petition with Family Court requesting that respondent be adjudged a person in need of supervision (PINS). The court determined that respondent required placement in a supervised, structured setting, adjudged him a person in need of supervision, and, by order entered July 18, 1995, directed that he be placed for a period of 18 months in the custody of the Monroe County Department of Social Services (DSS) at St. Joseph's Villa. Less than one week later, by petition dated July 24, 1995, respondent's father and stepmother (collectively petitioner) sought termination of respondent's placement and a hearing was scheduled for August 14, 1995. On that date, the parties, as well as the Law Guardian and DSS, agreed to a settlement terminating placement subject to a favorable drug and alcohol evaluation, but continuing respondent's status as a person in need of supervision. The court granted a six-week adjournment for that purpose. Three days later, however, without prior notice to the parties, the court summarily reversed itself and dismissed the petition. In a letter informing the parties of its decision, the court stated that the petition had been improperly filed and that the proper remedy was an appeal from the original order adjudicating respondent a person in need of supervision. That was error. Petitioner could not appeal from the original placement order because that order granted the relief sought by petitioner and thus petitioner was not an aggrieved party (*see generally,* 10 Carmody-Wait 2d, NY Prac § 70:112). Instead, petitioner properly petitioned the court under section 764 of the Family Court Act for an order terminating respondent's placement.

Further, there is no statutory authority for the court to dismiss the petition, *sua sponte,* after granting a hearing but prior to conducting it. It is only after a hearing on the termination petition that the court may act on its own motion to "reduce the duration of the placement, change the agency in which the child is placed, or direct the agency to make such

other arrangements for the person's care and welfare as the facts of the case may require" (Family Ct Act § 767 [a]). The Family Court Act authorizes the court, in limited circumstances, to act on its own motion without a hearing, such as by granting a new fact-finding or dispositional hearing (Family Ct Act § 761), or by staying, modifying or vacating an order issued in a PINS proceeding (Family Ct Act § 762). Even under those circumstances, however, the court must serve a notice of motion upon the parties and upon any agency or institution having custody of the child not less than seven days prior to the return date of the motion and "[t]he persons on whom the notice of motion is served shall answer the motion not less than two days before the return date" (Family Ct Act § 763). Thus, even where the court proceeds upon its own motion, it may do so only upon notice to the parties and after giving them an opportunity to respond.

The statement of the court in its letter to the parties that it was directing the clerk of the court not to accept any further petitions from petitioner regarding the placement of respondent, although questionable, is not before us because that prohibition was not included in the order on appeal.

The order dismissing the petition is reversed, the petition is reinstated and the matter is remitted to Monroe County Family Court for further proceedings on the petition. (Appeal from Order of Monroe County Family Court, Bonadio, J.—Terminate Placement.) Present—Pine, J. P., Wesley, Callahan, Doerr and Boehm, JJ.